UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JERRY JEROME ELDRIDGE,               )
                                     )
        Plaintiff,                   )       Civil No. 5: 21-084-JMH
                                     )
V.                                   )
                                     )
J. TACKETT, et al.,                  )       **MEMORANDUM OPINION**
                                     )              **AND ORDER**
        Defendants.                  )

**** **** **** ****

Plaintiff Jerry Jerome Eldridge is an inmate currently confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Eldridge filed a civil complaint pursuant to 42 U.S.C. § 1983 against Fayette County District Judge John Tackett, the Fayette County Detention Center, and the Rowan County Jail. [R. 1].

Although Eldridge has filed an account activity ledger from his inmate account [R. 2], he did not file a formal motion to proceed *in forma pauperis*. In addition, a motion to proceed *in forma pauperis* must be supported by a statement of the plaintiff's inmate trust fund account certified by appropriate prison staff, which Eldridge's account ledger is not. 28 U.S.C. § 1915(a)(2); Local Rule 5.4(a)(2). For these reasons, to the extent that Eldridge's submission of his account ledger could be construed as a request to proceed *in forma pauperis*, this request is denied.

1

Even so, the Court may conduct a preliminary review of Eldridge's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Eldridge's pleading under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Eldridge's factual allegations as true and liberally construes Eldridge's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The facts of Eldridge's complaint are sparse. Eldridge alleges that Fayette District Judge Tackett issued a false warrant against him. Eldridge also claims that he was not timely arraigned via video, but instead Judge Tackett issued another warrant for his arrest on the 13th day. [R. 1, at 4]. Eldridge claims that he was then booked in the Rowan County Jail under false charges. He seeks monetary damages in the amount of $300,000.00 against Defendants Judge Tackett, the Rowan County Jail, and the Fayette County Detention Center.

2

However, Eldridge's complaint will be dismissed for failure to state a claim for which relief may be granted. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8.

Eldridge's claims against Judge Tackett are clearly based on decisions and rulings made during the course of Eldridge's ongoing criminal proceedings, thus these claims are barred by judicial immunity.[1] Judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Here, Judge Tackett's alleged conduct falls squarely within his role as a judge in Eldridge's criminal proceedings. *See Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012)("[T]he factors

---

[1] Eldridge is currently in custody related to state criminal charges pending in *Commonwealth v. Eldridge*, No. 20-CR-999 (Fayette Cir. Ct. 2020) and *Commonwealth v. Eldridge*, No. 21-CR-297 (Fayette Cir. Ct. 2021). The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

3

determining whether an act by a judge is a 'judicial' one relate
to the nature of the act itself, *i.e.,* whether it is a function
normally performed by a judge, and to the expectations of the
parties, *i.e.,* whether they dealt with the judge in his judicial
capacity.")(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).
Thus, Judge Tackett is entitled to absolute judicial immunity
against Eldridge's claims and these claims will be dismissed.

Nor may Eldridge bring his claims against the remaining
Defendants, the Fayette County Detention Center and the Rowan
County Jail. These facilities are merely buildings – they are not
suable entities apart from the counties that operate them. *Matthews
v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police
Department is not an entity which may be sued, Jefferson County is
the proper party to address the allegations of Matthews's
complaint.").

Even if the Court were to construe Eldridge's claims as
alleged against either the Lexington-Fayette Urban County
Government or Rowan County, because a county or municipal
government is only responsible under 42 U.S.C. § 1983 when its
employees cause injury by carrying out the county's formal policies
or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658,
694 (1978), a plaintiff must specify the county policy or custom
which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273,

284 (6th Cir. 2010). Eldridge makes no allegation that the events about which he complains are the product of a county or municipal policy or custom, and he therefore fails to state a claim for relief against either county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

For these reasons, the Court finds that dismissal of this action is required. Accordingly, it is hereby **ORDERED** that:

(1) Eldridge's construed Motion to Waive Filing Fee [R. 2] is **DENIED**;

(2) Eldridge's complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

(3) The Court will enter an appropriate judgment; and

(4) This action is **DISMISSED** and **STRICKEN** from the docket.

This 8th day of April, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge